UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

Dianne Fletcher, individually and on behalf of all others similarly situated,

        Plaintiff,

  v.

VISA, INC.,

        Defendant.

Case No.: 4:24-cv-00752-FJG

# DEFENDANT VISA INC.'S SUGGESTIONS IN SUPPORT OF UNOPPOSED MOTION TO TRANSFER VENUE

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 2

    A.   The Parties and Claims ........................................................................................... 2
    B.   Related and First-Filed Complaints ....................................................................... 3
    C.   Transfer Motions .................................................................................................... 5

ARGUMENT .................................................................................................................................. 6

I.      LEGAL STANDARD ......................................................................................................... 6

    A.   First-Filed Rule ...................................................................................................... 6
    B.   Section 1404(a) ...................................................................................................... 7

II.     THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT
        OF NEW YORK UNDER THE FIRST-FILED RULE ...................................................... 8

III.    VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK AND
        THE BALANCE OF FACTORS UNDER SECTION 1404 WEIGHS HEAVILY IN
        FAVOR OF TRANSFER ................................................................................................. 10

    A.   The Interests of Justice Strongly Favor Transfer Because Five Related Actions
         are Currently Pending in the Transferee Forum .................................................. 10
    B.   The Convenience of the Parties and Witnesses Also Favors Transfer ................ 12
    C.   Plaintiff's Choice of Forum Should Be Given Little Weight Here ...................... 13

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Anheuser-Busch, Inc. v. City Merck*,
   176 F. Supp. 2d 951 (E.D. Mo. 2001) ................................................................................... 12

*Arnold v. LME, Inc.*,
   No. 19-CV-00555-FJG, 2020 WL 13470567 (W.D. Mo. Sept. 22, 2020) .............................. 12

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) ................................................................................................................ 10

*Battenfeld Techs., Inc. v. Birchwood Lab'ys, Inc.*,
   No. 2:10-CV-04224-NKL, 2011 WL 1131101 (W.D. Mo. Mar. 28, 2011) ............................. 8

*Butler v. Chadeayne, LLC*,
   No. 4:17CV1646 RLW, 2017 WL 4221065 (E.D. Mo. Sept. 21, 2017) ................................ 12

*C-Mart, Inc. v. Metro. Life Ins. Co.*,
   No. 4:13CV00052 AGF, 2013 WL 2403666 (E.D. Mo. May 31, 2013) ............................... 13

*Cont'l Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) ................................................................................................................ 10

*Evans v. J.P. Morgan Chase Bank, N.A.*,
   No. 13-00686-CV-W-BP, 2014 WL 12600285 (W.D. Mo. Feb. 12, 2014) ............................ 8

*Ferens v. John Deere Co.*,
   494 U.S. 516 (1990) .............................................................................................................. 10

*Fochtman v. CAAIR, Inc.*,
   No. 5:17-CV-5228, 2018 WL 1092345 (W.D. Ark. Feb. 27, 2018) ....................................... 11

*Griggs v. Credit Sols. of Am. Inc.*,
   No. 4:09-cv-01776, 2010 WL 2653474 (E.D. Mo. June 29, 2010) .................................... 8, 11

*Hynes Aviation Indus., Inc. v. Sacramento E.D.M., Inc.*,
   No. 6:12-CV-03521-BCW, 2013 WL 12198837 (W.D. Mo. Aug. 1, 2013) ............... 6, 8, 9, 11

*In re Apple, Inc.*,
   602 F.3d 909 (8th Cir. 2010) ................................................................................................... 7

*Monsanto Tech. LLC v. Syngenta Crop Prot. Inc.*,
   212 F. Supp. 2d 1101 (E.D. Mo. 2002) ............................................................................. 6, 11

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
   989 F.2d 1002 (8th Cir. 1993) ...................................................................................6

*Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*,
   No. 06-03056-CV-W-GAF, 2006 WL 696461 (W.D. Mo. Mar. 17, 2006) ........................7, 12

*Pace Constr. Co., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
   259 F. Supp. 2d 934 (E.D. Mo. 2003) .....................................................................6, 9

*Painter v. L'Oreal USA, Inc.*,
   No. 6:24-CV-03077-MDH, 2024 WL 4774904 (W.D. Mo. Nov. 13, 2024) ........................6, 8

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ...................................................................................................7

*Terra Int'l, Inc. v. Mississippi Chem. Corp.*,
   119 F.3d 688 (8th Cir. 1997) ....................................................................................7

*United States v. Evans*,
   690 F.3d 940 (8th Cir. 2012) ....................................................................................9

*United States v. Koeln*,
   No. 4:19-CR-1016 RLW, 2024 WL 1596808 (E.D. Mo. Apr. 11, 2024) ...........................9

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) .................................................................................................7

*Williams v. GatherApp, Inc.*,
   No. 17-CV-00572-W-DW, 2017 WL 11025324 (W.D. Mo. Sept. 26, 2017) ......................7, 11

**<u>Statutes</u>**

15 U.S.C. § 22 ..............................................................................................................10

28 U.S.C. § 1404(a) .............................................................................................. *passim*

28 U.S.C. § 1407(g) .......................................................................................................5

# INTRODUCTION

Defendant Visa Inc. ("Visa") respectfully requests that the Court transfer this case to the Southern District of New York, where five other complaints containing the same allegations as presented in this case already reside before a single district judge, the Honorable John G. Koeltl. Plaintiff has consented to transfer this case.

A transfer to the Southern District of New York would be convenient for all parties, makes logistical and equitable sense, and would serve the interests of judicial economy. The Department of Justice filed the first complaint in the Southern District of New York, asserting unlawful monopolization of a purported market for "debit network services." Several putative nationwide class actions followed in the Southern District of New York, and one complaint was filed in the Northern District of California. A motion to transfer the latter case to the Southern District of New York is pending.

Almost two months after the government first filed suit in the Southern District of New York, Plaintiff commenced this putative class action in this Court. All of the private follow-on actions (including this case) assert the same allegations as in the DOJ complaint. It makes little sense for multiple cases with identical allegations and legal issues, and overlapping witnesses and documents, to remain pending in different district courts. Transfer is necessary to avoid needlessly burdening the parties and the judiciary and risking inconsistent decisions. Transfer to the Southern District of New York, where the government suit and four consolidated follow-on suits are pending, is the best way to coordinate discovery across the government and private actions.

Transfer is appropriate under both the first-filed rule and 28 U.S.C. § 1404(a). Under the first-filed rule, priority should be given to the party who first establishes jurisdiction when cases involve overlapping issues of fact and law. The DOJ suit and first putative class action lawsuit involve overlapping issues of fact and law and preceded this suit by at least 50 days; therefore, this

action should be transferred. Further, the relevant factors under Section 1404(a) overwhelmingly favor a transfer here. This district has little connection to the facts of this case. Although Plaintiff is a resident of the forum, because she brings this case as a putative nationwide class action, her choice of forum is not entitled to deference. Further, Visa's witnesses and documents are located outside of this District, as are many non-party witnesses. And, given that the majority of cases, including the government's case, are already pending in the Southern District of New York, it would be far more convenient for witnesses to appear once in that forum. The interests of justice, including considerations of judicial economy, justify transfer to avoid the significant waste of judicial resources that would be expended by litigating the same issues in multiple courts, risking inconsistent and contrary rulings. As a matter of fairness, convenience and efficiency, the proper forum for this matter is New York.

Accordingly, Visa respectfully requests that the Court transfer these actions to the Southern District of New York under the first-filed rule and pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

### A. The Parties and Claims

Plaintiff Dianne Fletcher is an individual and domiciled resident of Kansas City, Missouri. Fletcher Compl. ¶ 37. Ms. Fletcher alleges that she "uses a debit card from U.S. Bank that has Visa designated as the front-of-card network." *Id.* Visa is a Delaware corporation headquartered in the San Francisco Bay Area.

Plaintiff alleges that Visa "has used its market dominance to engage in unlawful and anticompetitive conduct that has artificially raised the price of network fees to supracompetitive prices, including but not limited to, monopolizing the debit network market and leveraging its monopoly power to suppress competition by punishing merchant sellers for using alternative networks." *Id.* ¶ 1. Plaintiff also alleges that Visa has "enter[ed] into contracts to pay off potential

2

competitors or prevent the development of substitute networks." *Id.* Plaintiff alleges that "Visa's agreements with issuers, merchants, and acquirers prevent competitors from gaining scale and competing." *Id.* ¶ 25. Plaintiff brings an injunctive relief claim on behalf of a putative nationwide class, alleging monopolization and attempted monopolization of a purported general purpose debit network services market in violation Section 2 of the Sherman Act. *See id.* at 64–65 (Count I), ¶¶ 192–96. She also brings claims for violations of state antitrust and consumer protection laws on behalf of a putative state law damages class, alleging that Visa "intentionally and wrongfully engaged in conduct, a combination, or conspiracy in restraint of trade" and "intentionally and wrongfully maintained, attempted to maintain, and/or conspired to maintain monopoly power." *See id.* at 65–71 (Counts II and III), ¶¶ 197–203.

Plaintiff's putative nationwide injunctive relief class is comprised of "[a]ny person in the United States who purchased goods or services with a general purpose Visa-Branded Debit Card from the applicable limitations period through the present and indirectly paid Visa network fees." *Id.* ¶ 183. Her putative state law damages class is comprised of "[a]ny person in the United States who purchased goods or services for personal, family, or household purposes with a general purpose Visa-Branded Debit Card during the Class Period in [34 jurisdictions]." *Id.* ¶ 184.

### B.     Related and First-Filed Complaints

On September 24, 2024, the Department of Justice filed a complaint in the Southern District of New York against Visa regarding the same alleged conduct that is presented in this case. The DOJ's complaint asserts that Visa has "monopolized debit transactions; penalized industry participants that seek to use alternative debit networks; and coopted innovators, technology companies, and financial institutions to forestall or snuff out threats to Visa's debit network dominance." Eisenstein Decl. Ex. A at 4 (*United States v. Visa Inc.*, Case No. 1:24-cv-07214, ECF No. 1 (S.D.N.Y. Sept. 24, 2024) ("DOJ Compl.")). The DOJ, like Plaintiff in this

action, brings claims asserting unlawful monopolization, agreements not to compete, and agreements to restrain competition, including under Section 2 of the Sherman Act. *See id.* ¶¶ 181–202. The DOJ case was assigned to the Honorable John G. Koeltl in the Southern District of New York.

After the DOJ filed its lawsuit, several follow-on private class actions were filed in the Southern District of New York asserting the same federal claims and nearly identical factual allegations as those contained in DOJ's complaint. Those putative class actions were also assigned to Judge Koeltl. One follow-on case was filed in the Northern District of California. This case was filed after all of the cases below.

- On October 1, 2024, All Wrapped Up Signs & Graphix LLC ("All Wrapped Up") filed a class action in the Southern District of New York on behalf of a putative class of merchants that have accepted Visa debit cards during the period October 1, 2020 through present. *See* Eisenstein Decl. Ex. B (*All Wrapped Up Signs and Graphix LLC v. Visa Inc.*, Case No. 1:24-cv-07435, ECF No. 1 (S.D.N.Y. Oct. 1, 2024) ("All Wrapped Up Compl.")). As in this action and the DOJ action, All Wrapped Up alleges that "Visa has monopolized the debit network on which debit card transactions run" and "has entered into agreements to punish businesses that seek to use alternative networks or methods to process debit transactions." *Id.* ¶ 2.

- On October 21, 2024, Nuts for Candy and Cathy Houts filed a putative class action in the Southern District of New York alleging the same conduct. *See* Eisenstein Decl. Ex. C (*Nourijan Kevranian d/b/a Nuts for Candy et al. v. Visa Inc.*, Case No. 1:24-cv-07997, ECF No. 1 (S.D.N.Y. Oct. 21, 2024)). The Nuts for Candy action was subsequently voluntarily dismissed, and the same Plaintiffs' counsel filed another complaint by Broadway Grill (described below).

- On October 22, 2024, Yabla, Inc. filed another putative class action on behalf of merchants in the Southern District of New York, alleging the same conduct and bringing the same federal claims as the prior complaints. *See* Eisenstein Decl. Ex. D (*Yabla, Inc. v. Visa, Inc.*, Case No. 1:24-cv-08045, ECF No. 1 (S.D.N.Y. Oct. 22, 2024) ("Yabla Compl.")).

- On October 22, 2024, Richard Pantano filed a putative class action on behalf of a consumer class in the Northern District of California. *See* Eisenstein Decl. Ex. G (*Pantano v. Visa, Inc.*, Case No. 3:24-cv-07365, ECF No. 1 (N.D. Cal. Oct. 22, 2024) ("Pantano Compl.")). Pantano seeks to represent a class of "[a]ll persons (including entities and corporations) in the United States who directly or indirectly paid interchange fees as debit card holders from October 22, 2020, through the present." *Id.* ¶ 220.

- On October 30, 2024, NDA Aesthetics, LLC and Warren Imports, LLC filed another putative class action lawsuit on behalf of merchants in the Southern District of New York. *See* Eisenstein Decl. Ex. E (*NDA Aesthetics, LLC et al. v. Visa Inc.*, Case No. 1:24-cv-08269, ECF No. 1, ¶ 174 (S.D.N.Y. Oct. 30, 2024) ("NDA Aesthetics Compl.")).

- On November 5, 2024, Broadway Grill, LLC filed a putative class action lawsuit also seeking to represent a class of merchants in the Southern District of New York. *See* Eisenstein Decl. Ex. F (*Broadway Grill, LLC v. Visa Inc.*, Case No. 1:24-cv-08422, ECF No. 5, ¶ 178 (S.D.N.Y. Nov. 5, 2024) ("Broadway Grill Compl.")).

On November 26, 2024, the putative class actions filed in the Southern District of New York were consolidated and a consolidated amended complaint is due by December 16, 2024.

### C. Transfer Motions

On November 5, 2024, in the only other case filed outside of the Southern District of New York, Plaintiff Pantano filed with the Judicial Panel on Multidistrict Litigation (JPML) a Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, seeking to transfer the New York private actions to the Northern District of California (while leaving the Department of Justice's case in New York). On November 22, 2024, Pantano filed a notice of related action with the JPML, identifying this action as a potential tag-along action to be included in his proposed MDL. *See* Notice of Related Action, Case MDL No. 3137, ECF No. 19 (Nov. 22, 2024). Visa will oppose Pantano's motion in the JPML in due course, on the grounds that the circumstances warranting the creation of an MDL are not present when only seven actions have been filed, and five of those actions are already pending before the same judge in the Southern District of New York. Further, because the JPML has no power to transfer the government's complaint, 28 U.S.C. § 1407(g), the private plaintiff and government cases would remain divided between two districts even if Pantano's motion were granted by the JPML. That result would defeat the potential for efficiencies of coordinated discovery across all of these related matters and heighten the risk of inconsistent decisions on overlapping issues.

On November 12, 2024, Visa filed a motion to transfer the Pantano action to the Southern District of New York. *See Pantano v. Visa, Inc.*, Case No. 3:24-cv-07365, ECF No. 23. That same day, certain plaintiffs in the Southern District of New York moved to intervene in Mr. Pantano's action and also sought a transfer of that case to the Southern District of New York. A hearing on those motions is scheduled for January 14, 2025.

As with the *Pantano* action, transferring this case to the Southern District of New York where the government's case is pending and the first-filed putative class actions were filed and consolidated is the best way to ensure the benefits of coordinated pretrial discovery can be achieved and eliminate the risk of inconsistent rulings.

## ARGUMENT

**I.      LEGAL STANDARD**

**A.      First-Filed Rule**

"The well-established first-filed rule 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.'" *Hynes Aviation Indus., Inc. v. Sacramento E.D.M., Inc.*, No. 6:12-CV-03521-BCW, 2013 WL 12198837, at *2 (W.D. Mo. Aug. 1, 2013) (quoting *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)). "The cases do not have to be identical as to parties and/or issues, but must be so related that there is substantial overlap between the cases regarding the issues raised." *Painter v. L'Oreal USA, Inc.*, No. 6:24-CV-03077-MDH, 2024 WL 4774904, at *1 (W.D. Mo. Nov. 13, 2024) (citation omitted); *see also Pace Constr. Co., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 259 F. Supp. 2d 934, 937 (E.D. Mo. 2003); *Monsanto Tech. LLC v. Syngenta Crop Prot. Inc.*, 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002). The first-filed rule "is relatively firm" and is intended to "to conserve judicial resources and avoid conflicting rulings." *Hynes Aviation Indus., Inc.*, 2013 WL 12198837, at *2.

### B. Section 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The fundamental purpose of Section 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). A district court has broad discretion to grant motions to transfer and makes its determination "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotations omitted); *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).

The court must "consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Under the interests of justice category, courts consider: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Id.* The convenience of witnesses factor "involves consideration of the number of witnesses located in or near the respective forums, as well as 'the nature and quality of their testimony' relative to the issues in the case." *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056-CV-W-GAF, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006) (citation omitted).

In balancing these factors, "[j]udicial economy is a critical factor to determine whether a case should be transferred." *Williams v. GatherApp, Inc.*, No. 17-CV-00572-W-DW, 2017 WL

7

11025324, at *5 (W.D. Mo. Sept. 26, 2017). When, as here, there are similar pending class-action lawsuits against the same defendant in another forum, judicial economy "strongly suggests that transfer is appropriate." *Griggs v. Credit Sols. of Am. Inc.*, No. 4:09-cv-01776, 2010 WL 2653474 at *4 (E.D. Mo. June 29, 2010); *see also Battenfeld Techs., Inc. v. Birchwood Lab'ys, Inc.*, No. 2:10-CV-04224-NKL, 2011 WL 1131101, at *3 (W.D. Mo. Mar. 28, 2011) (plaintiff's choice of forum "outweighed by the inefficiencies of litigating overlapping disputes in two different venues at the same time").

## II. THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK UNDER THE FIRST-FILED RULE

The Department of Justice filed its complaint in the Southern District of New York on September 24, 2024. The first follow-on putative nationwide class action complaint was filed by Plaintiff All Wrapped Up on October 1, 2024 in the Southern District of New York. Several other putative class action complaints followed shortly thereafter. Plaintiff commenced the instant parallel litigation 57 days after the DOJ and 50 days after Plaintiff All Wrapped Up filed suit; and Plaintiff's complaint is a copycat of the earlier filed complaints in New York with respect to the challenged conduct by Visa. Accordingly, priority should be given to the first-filed cases to conserve judicial resources and avoid conflicting rulings, and this case should be transferred to the Southern District of New York. *See Hynes Aviation Indus., Inc.*, 2013 WL 12198837, at *3 (transferring Missouri case to California when first filed case was filed 59 days earlier).

Parallel litigation exists when there is substantial overlap between cases regarding the issues raised. *See, e.g., id.* (actions were "based on the same or substantially similar issues of law and fact"); *Painter*, 2024 WL 4774904, at *2 (cases shared the same Defendant and the complaints asserted identical issues of law and fact); *Evans v. J.P. Morgan Chase Bank, N.A.*, No. 13-00686-CV-W-BP, 2014 WL 12600285, at *2 (W.D. Mo. Feb. 12, 2014) ("Because the issues and parties

are substantially similar, these actions are parallel."); *see also Pace Constr. Co., Inc.*, 259 F. Supp. 2d at 937 ("the parties' interests in each case [we]re clearly aligned and the issues, though not identical, [we]re substantially similar") (citation omitted). Plaintiff's case is "parallel litigation" under the first-filed rule because it arises out of the same underlying facts, involves the same defendant, and asserts the same core allegations and federal claims as those asserted by the government and Plaintiff All Wrapped Up. *Compare*, *e.g.*, Fletcher Compl. ¶¶ 1–5, 24–27, 148 *with* DOJ Compl. pp. 4–5, ¶¶ 17–22, 139; All Wrapped Up Compl. ¶¶ 1, 22–24, 163.[1] Each of these cases alleges that Visa unlawfully obtained and maintained a monopoly by entering into certain agreements with market participants and raising barriers to entry. Indeed, each of the putative class actions quotes from or cites to the same documents referenced in the government's complaint. *Compare e.g.*, DOJ Compl. ¶ 88 (citing Visa's contract with JPMorgan Chase) *with* All Wrapped Up Compl. ¶ 104; Yabla Compl. ¶ 147; NDA Aesthetics Compl. ¶ 83; Broadway Grill Compl. ¶ 87; *and* Fletcher Compl. ¶ 99. Thus, similar to the case in *Hynes Aviation Industries*, without a transfer, at least two courts will "be required to look at the same documents and circumstances and refer to and apply the same legal principles before arriving at a determination." *Hynes Aviation Indus., Inc.*, 2013 WL 12198837, at *3. For these reasons, the first-filed rule should apply, and this case should be transferred to New York.[2]

---

[1] The Court may take judicial notice of the pleadings in the related actions. *See*, *e.g.*, *United States v. Koeln*, No. 4:19-CR-1016 RLW, 2024 WL 1596808, at *1 n.1 (E.D. Mo. Apr. 11, 2024) ("[F]ederal courts may . . . take judicial notice of proceedings in other courts if they relate directly to the matters at issue.") (quoting *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012)).

[2] Neither of the two recognized exceptions to the first-filed rule apply here. Plaintiff has identified no compelling circumstances (e.g., a forum selection clause) that would justify keeping this action in this District, and, as discussed below, the balance of convenience justifies transfer.

### III. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK AND THE BALANCE OF FACTORS UNDER SECTION 1404 WEIGHS HEAVILY IN FAVOR OF TRANSFER

The balance of factors under Section 1404(a) also weighs strongly in favor of transfer to the Southern District of New York, a forum where the action could have been brought[3] and to which Plaintiff has consented. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) (28 U.S.C. § 1404(a) permits transfer of a case to any "district to which the parties have agreed by contract or stipulation"). Four related private complaints and the government's complaint are already pending there, and it is far more convenient to the parties and witnesses to litigate in one forum. The presence of five related actions pending in the Southern District of New York before the same judge is alone sufficient to justify transfer of this action. Without a transfer, it is likely that parties would engage in duplicative pretrial discovery, witnesses would incur additional time and expense appearing in more than one forum to provide duplicative testimony, and the potential for inconsistent judicial outcomes would increase.

#### A. The Interests of Justice Strongly Favor Transfer Because Five Related Actions are Currently Pending in the Transferee Forum

"[A] situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain Co. v. The FBL-585,* 364 U.S. 19, 26 (1960)).

When, as here, there are multiple related class actions and a government action concerning the same subject matter all pending in the Southern District of New York, there can be no doubt

---

[3] Venue is proper in the Southern District of New York because Visa transacts business and is found within that District. *See* 15 U.S.C. § 22 ("Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business.").

that judicial efficiency weighs heavily in favor of transfer to a single forum for consolidation of discovery. *See, e.g.*, *Williams*, 2017 WL 11025324, at *5 (concluding the judicial economy factor weighed heavily in favor of transfer when two similar class actions were pending in the transferee forum). As set forth above, Plaintiff's complaint asserts the same core allegations raised in the earlier filed complaints in New York. The mere existence of other actions addressing the same allegations and legal issues pending in the proposed transferee forum is a compelling factor in favor of transfer. *See, e.g.*, *Griggs*, 2010 WL 2653474, at *4 (concluding that judicial economy "strongly suggests that transfer is appropriate" where "there are at least two similar pending class-action lawsuits against Defendant that have been consolidated in the Northern District of Texas"). The reason for that is plain: absent a transfer, the simultaneous adjudication of multiple cases involving the same issues in different districts would risk inconsistent rulings and waste time, energy and money for all involved. *See Monsanto Tech. LLC*, 212 F. Supp. 2d at 1104 (noting "the significant waste of judicial resources that would be expended by litigating the same issues in two courts as well as the serious risk of inconsistent and contrary rulings" and transferring action); *Hynes Aviation Indus., Inc.*, 2013 WL 12198837, at *4 (concluding that "[a] waste of judicial resources and an unnecessary risk of inconsistent rulings may result from litigating the same issues in two courts" and that "[t]he interests of justice are best served by transferring this matter"); *Fochtman v. CAAIR, Inc.*, No. 5:17-CV-5228, 2018 WL 1092345, at *6 (W.D. Ark. Feb. 27, 2018) (concluding that "[m]ost importantly, the interests of justice weigh in favor of a single tribunal adjudicating the claims" and "[i]t follows that the Court's interest in avoiding duplicative litigation, unnecessary expense, and inconsistent results ultimately weighs in favor of transfer[]").

Plaintiff's action is one of multiple actions concerning the same allegations regarding alleged monopolization of debit network services. The only difference among these actions is that

Plaintiff here seeks to represent a class of cardholders, whereas the putative consolidated class actions in New York were brought on behalf of merchants. However, all of these actions involve the same allegations against Visa and substantial overlapping issues, witnesses, and documents. Thus, the risk of inconsistent rulings and interest in conserving judicial and party resources weigh heavily in favor of transfer to the Southern District of New York where the majority of other related cases and the government's case are pending before the same judge.

### B. The Convenience of the Parties and Witnesses Also Favors Transfer

The convenience of the witnesses "is the 'primary, if not most important' of the convenience factors," *Arnold v. LME, Inc.*, No. 19-CV-00555-FJG, 2020 WL 13470567, at *5 (W.D. Mo. Sept. 22, 2020) (citing *Anheuser-Busch, Inc. v. City Merck*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)), and also favors transfer to the Southern District of New York. Visa, a Delaware corporation headquartered in the San Francisco Bay Area, has no ties to this District and is already defending five nearly identical lawsuits filed in the Southern District of New York. There can be no dispute that it is more convenient for Visa's witnesses to travel to a single forum for these cases rather than traveling to different ones across the country. Additionally, non-party witnesses identified by Plaintiff in her complaint (e.g., PayPal, Apple and Square) as well as non-party banks and merchants are located outside of Missouri. *See Butler v. Chadeayne, LLC*, No. 4:17CV1646 RLW, 2017 WL 4221065, at *3 (E.D. Mo. Sept. 21, 2017) (granting motion to transfer where "although Plaintiffs reside in Missouri, the non-party witnesses reside in Washington and have no connection to Missouri"); *Ozarks Coca-Cola/Dr. Pepper Bottling Co.*, 2006 WL 696461, at *5 (granting motion to transfer where "none of the Defendants' witnesses or relevant documents are located in the Western District of Missouri"); *Arnold.*, 2020 WL 13470567, at *6 (convenience of witnesses weighed in favor of transfer where "plaintiffs have not identified any non-party witnesses who reside in Missouri").

12

The judicial efficiency gained by transferring this action to the Southern District of New York, where discovery can be coordinated between the government and private actions, would promote convenience for all parties and witnesses in these cases. Without a transfer, the parties would likely engage in duplicative pretrial discovery, and witnesses would likely incur additional time and expense appearing in more than one forum to provide duplicative testimony.

### C. Plaintiff's Choice of Forum Should Be Given Little Weight Here

Although "federal courts give considerable deference to a plaintiff's choice of forum," "[t]he deference given to Plaintiff's choice of forum 'is reduced, however, in a[ ] class action, where members of the class are dispersed throughout the nation.'" *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13CV00052 AGF, 2013 WL 2403666, at *4 (E.D. Mo. May 31, 2013) (citations omitted). Here, Plaintiff seeks to represent a nationwide injunctive relief class and a damages class comprised of persons who purchased goods using a "Visa-Branded Debit Card during the Class Period in [34 jurisdictions]." Fletcher Compl. ¶ 184. Therefore, "Plaintiff's choice of forum is not entitled to deference in this class action suit." *C-Mart, Inc.*, 2013 WL 2403666, at *5. Further, Plaintiff brings claims under federal antitrust law and state law claims in numerous different jurisdictions; thus, there is no advantage in having a local court decide questions of local law. There are no legal issues unique to Missouri that justify keeping this case here.

### CONCLUSION

For all of the foregoing reasons and because Plaintiff consents to transfer this action to the Southern District of New York, Visa respectfully requests that the Court grant its motion to transfer.

13

Case 4:24-cv-00752-FJG    Document 10-1    Filed 12/02/24    Page 17 of 18

Dated:  December 2, 2024               Respectfully submitted,

/s/ *Matthew Eisenstein*
Matthew Eisenstein (*pro hac vice*)
Anne Davis (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Anne.Davis@arnoldporter.com
Matthew.Eisenstein@arnoldporter.com

Christopher Nease (MO Bar No. 57327)
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street
Suite 4000
Houston, TX  77002-2755
Telephone: (713) 576-2400
Facsimile: (713) 576-2499
Chris.Nease@arnoldporter.com

*Counsel for Defendant Visa Inc.*