UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

Diane Fletcher, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

VISA, INC.,

    Defendant.

Case No.: 4:24-cv-00752-FJG

**ORDER WAIVING SERVICE, EXTENDING TIME FOR DEFENDANT VISA INC. TO RESPOND TO PLAINTIFF'S COMPLAINT AND TRANSFERRING THIS CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

WHEREAS, Diane Fletcher ("Plaintiff") has filed a putative class action complaint in this District against Visa Inc. ("Defendant");

WHEREAS, Defendant has agreed to waive service of the Complaint and the parties have reached an agreement to extend the time within which Defendant must move, answer, or otherwise respond to the Plaintiff's complaint;

WHEREAS, Defendant has filed a motion under the first-filed rule and pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Southern District of New York where the Department of Justice filed a related complaint on September 24, 2024, Civil Action No. 1:24-cv-7214, and four other related putative Class Action Complaints are also pending: *All Wrapped Up Signs and Graphix LLC v. Visa Inc.,* Civil Action Nos. 1:24-cv-7435 (complaint filed October 1, 2024); *Yabla Inc. v. Visa, Inc.*, 1:24-cv-8045 (complaint filed October 22, 2024); *NDA Aesthetics, LLC et al. v. Visa, Inc.*, 1:24-cv-8269 (complaint filed

October 30, 2024); *Broadway Grill, LLC v. Visa, Inc.*, 1:24-cv-8422 (complaint filed November 5, 2024) (collectively, the "Related New York Class Actions");[1]

WHEREAS, 28 U.S.C. § 1404(a) permits transfer of a case to any "district to which the parties have agreed by contract or stipulation." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013);

WHEREAS, Plaintiff does not oppose Defendant's motion to transfer this action and hereby consents and stipulates to transfer this action to the Southern District of New York;

WHEREAS, a fifth related putative Class Action Complaint is pending in the Northern District of California, *Pantano v. Visa Inc.*, Civil Action No. 3:24-cv-07365 (complaint filed October 22, 2024) (the "Pantano Action");

WHEREAS, on November 5, 2024, Plaintiff in the Pantano Action filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") for Transfer of Related Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings in an MDL (the "1407 Motion");

WHEREAS, on November 22, 2024, Plaintiff Pantano filed a notice of related action with the JPML, identifying this action as a potential tag-along action to be included in his proposed MDL. *See* Notice of Related Action, Case MDL No. 3137, ECF No. 19 (Nov. 22, 2024);

---

[1] Another related putative class action complaint was filed on October 21, 2024, captioned *Nourijan Kevranian d/b/a Nuts for Candy et al v. Visa Inc.*, Civil Action No. 1:24-cv-7997 (S.D.N.Y.). Plaintiff voluntarily dismissed that case on November 6, 2024.

WHEREAS, Defendant intends to oppose the 1407 Motion and responses to that Motion are due December 2, 2024, and reply memoranda of law, if any, are due December 9, 2024;

WHEREAS, on November 12, 2024, Defendant filed a motion in the Northern District of California pursuant to 28 U.S.C. § 1404 to transfer the Pantano Action to the Southern District of New York as an alternative to the 1407 Motion to create an MDL in the Northern District of California;

WHEREAS, on November 12, 2024, two plaintiffs in the Related New York Actions moved to intervene in the Pantano Action and also filed a motion pursuant to 28 U.S.C. § 1404 to transfer the Pantano Action to the Southern District of New York;

WHEREAS, to economize both judicial and Party resources pending the JPML's decision on the 1407 Motion, the parties believe and agree that Defendant's time to move to dismiss, answer, or otherwise respond to the Complaint should be extended until after the 1407 Motion has been resolved, and it has been determined which court will preside over this action;

NOW, THEREFORE, the Court orders, as follows:

1. Defendant waives service of Plaintiff's November 20, 2024 complaint and summons pursuant to Federal Rule of Civil Procedure 4(d), and this Stipulation shall be deemed proof of that waiver pursuant to Federal Rule of Procedure 4(d)(4).

2. In exchange for Defendant's agreement to waive service, the deadline for Defendant to move, answer, or otherwise respond to Plaintiff's complaint is adjourned until a date to be determined after the 1407 Motion is resolved.

3. Plaintiff's complaint is hereby transferred to the United States District Court

for the Southern District of New York for further proceedings.

4. All other deadlines set by this Court are hereby stayed.

5. This stipulation is entered into without prejudice to any party seeking any interim relief.

6. Nothing in this Stipulation shall be construed as a waiver of any of Plaintiff's, potential Class members', and Defendant's rights or positions in law or in equity, or as a waiver of any defenses that Defendant would otherwise have, including, without limitation, defenses on lack of personal jurisdiction or inconvenient forum.

**IT IS SO ORDERED.**

Date: December 16, 2025  
Kansas City, Missouri

/S/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
United States District Judge